1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
19 North Second Street, Suite 205
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for SHELBY GAIL HEIFETZ, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY GAIL HEIFETZ,<br><br>                    Plaintiff,<br><br>vs.<br><br>MANOJKUMAR NILKANTH, an<br>individual and PRITI M. NILKANTH, an<br>individual, collectively dba MARINA<br>LODGE MOTEL aka MARINA INN; and<br>DOES 1-10, Inclusive,<br><br>                    Defendants. | Case No. 18-4623<br><br>***Civil Rights***<br><br>**COMPLAINT FOR INJUNCTIVE<br>RELIEF & DAMAGES: FOR<br>DISABILITY DISCRIMINATION<br>IN VIOLATION OF TITLE III OF<br>THE ADA AND CALIFORNIA'S<br>CIVIL RIGHTS STATUTES**<br>***(Civil Code §§ 51, 54, 54.1, and<br>Health & Safety Code § 19955 et<br>seq.)***<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. This case involves allegations that Defendants discriminated against Plaintiff SHELBY GAIL HEIFETZ ("Plaintiff") a disabled individual who is legally blind, in that she was denied full and equal access at a motel known as MARINA LODGE MOTEL aka MARINA INN (the "Motel") located at or about 975 University Ave, Berkeley, CA 94710 because she is a blind person that uses a white cane when ambulating. Due to physical barriers and discriminatory policies, Defendants denied Plaintiff, and other similarly situated blind persons, access to the full

and equal enjoyment of, opportunity to participate in, and benefits from, the goods, facilities, services, and accommodations offered by the Motel.

**THE PARTIES**

2. Plaintiff has been a visually impaired/legally blind individual since birth and is a "person with a disability" or a "physically handicapped person" as defined under Department of Justice regulation 28 C.F.R. §36.104 and California Government Code § 12926. Plaintiff uses a white cane when ambulating and is unable to use portions of public facilities which are not accessible to disabled persons, including those who use a white cane. Plaintiff was denied her rights to full and equal access to the Motel, and was denied her civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled individuals, including those who are visually impaired or blind. Plaintiff possesses a disabled parking placard issued by the State of California and is able to read California grade II Braille signage. Plaintiff is also a life time resident of California. Defendants MANOJKUMAR NILKANTH, an individual and PRITI M. NILKANTH, an individual, collectively dba MARINA LODGE MOTEL aka MARINA INN; and DOES 1-10, Inclusive, are the owners, operators, lessors, and/or lessees of the Motel (building and land) located at or about 975 University Ave, Berkeley, CA 94710.

3. Plaintiff alleges that the Motel is a "place of public accommodation" as defined under Title III of the Americans with Disabilities Act ("ADA") and California civil rights laws, and that the Motel violated Title III of the ADA and California civil rights codes [Cal. Civ. Code §§ 51, 54 et seq., and Health & Safety Code § 19955 et seq.] by failing to provide its goods and services in facilities so that they were "readily accessible to and usable by" persons with physical disabilities; and by failing to modify their policies, practices, and procedures to ensure that disabled persons are not denied the full and equal enjoyment of the goods, services, facilities, and benefits offered to the general public.

4. On information and belief, Plaintiff alleges that the subject facilities have been constructed, altered, structurally repaired, and/or added to in violation of California building codes [California Code of Regulations Title 24-2] ("Title 24-2"), Department of Justice regulations [28 C.F.R. part 36], and Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), enacted to eliminate discrimination against persons with physical disabilities in places of public accommodation, such as the Motel. Plaintiff alleges that Defendants have

Complaint for Injunctive Relief & Damages: For Disability Discrimination in Violation of Title III of the ADA and California's Civil Rights Statutes (Civil Code §§ 51, 54, 54.1 & Health & Safety Code § 19955 et. seq.)

violated their obligations under Title III of the ADA and California laws, including Health & Safety Code § 19955 *et seq.,* Unruh Civil Rights Act [Civil Code § 51], and Disabled Persons Act [Civil Code § 54 *et seq.,*], that they provide full and equal access to the Motel without discrimination so that persons with disabilities have full and equal enjoyment of the facilities and services as other members of the general public. As a result, Plaintiff has suffered discrimination in front of her companion, humiliation, pain, emotional distress, and embarrassment, all to her damage. Plaintiff seeks an injunction to require Defendants to stop their discrimination of blind persons by modifying their discriminatory policies and renovating their facilities to ensure that blind persons have full and equal enjoyment of their goods and services, as required under the ADA and California laws.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including, but not limited to, violations of California Health & Safety Code § 19955 *et seq.;* Title 24-2; and California Civil Code §§ 51, 54, and 54.1.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

7. *Intradistrict Assignment:* This case should be assigned to the San Francisco/Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict,

## FACTS OF THE CASE

8. Plaintiff and her roommate had an appointment in the Berkeley area so they decided to stay the night at the Motel. Plaintiff knew it was going to be a long night before they even went to the Motel. Plaintiff called ahead to reserve a room and immediately ran into a big roadblock when she was asked to provide her credit card information. Plaintiff explained over the phone to the Motel's employee that she is blind and cannot read her card number. Plaintiff asked if there was an alternative way, such as just paying upon arrival. Plaintiff's request, however, was denied. Instead, the Motel's employee insisted that to reserve a room, they needed to have Plaintiff's credit card information prior to her arrival. The Motel's employee proposed that

Complaint for Injunctive Relief & Damages: For Disability Discrimination in Violation of Title III of the ADA and California's Civil Rights Statutes (Civil Code §§ 51, 54, 54.1 & Health & Safety Code § 19955 et. seq.)

3

someone else read the credit card information on behalf of Plaintiff. This made Plaintiff very uncomfortable because it would force Plaintiff to forfeit her right to privacy due to lack of accommodation. Nonetheless, Plaintiff was given no other choice if she was to be able to reserve a room at the Motel. It was humiliating for Plaintiff to have to interrupt a room full of her house mates so that someone could read her card number over the phone. Plaintiff does not know what she would have done had she been home alone. Difficulty reserving a room at the Motel, however, was just the tip of the iceberg.

9. Upon arrival at the Motel on or about July 1, 2018, navigating the Motel's exterior proved to be a directional nightmare. There was no clear safe path of travel through the parking lot or truncated domes to help guide Plaintiff. Plus the layout at the front office was extremely confusing. It was hard enough for Plaintiff to find the door without getting turned around or hitting her head on the poorly placed staircase, harder still when there was nobody there. It took Plaintiff several long embarrassing minutes of to figure out there was a bell to ring for service; not like there was any way for Plaintiff to know as a blind individual.

10. Plaintiff struggled as she tried to get inside of the front office. The front door was extremely heavy and closed so fast that Plaintiff literally had to squeeze through as it was trying to close on her. As if that was not bad enough, there was no way for Plaintiff to check herself in without assistance. Plaintiff was given a pen and paper to fill out which Plaintiff was unable to read. Plaintiff had no other choice but to let her roommate do it for her. It is very frustrating for Plaintiff when she cannot do simple tasks because they are not made accessible.

11. Finally, after she was all checked in, Plaintiff needed to find her room. After wrestling with the unwieldy door again, Plaintiff exited the office only to run headfirst into the staircase that she had forgotten about. The staircase was at the perfect height for Plaintiff to hit her head on with no way for her to find it with her cane in time.

12. The trek up the open riser stairs was terrifying for Plaintiff as she kept almost tripping and dropping her cane through the gaps. The handrail ended so abruptly that Plaintiff lost her balance and was momentarily disoriented. The fact that there were no braille numbers next to the doors did not help. There was braille on each door but it was difficult to read and Plaintiff was afraid of someone trying to come out of their room while she was feeling the door. To her extreme frustration, Plaintiff was again forced to rely on her friend for help. Plaintiff was eventually able to find her room, pry open the heavy door and slip inside for some rest after her

Complaint for Injunctive Relief & Damages: For Disability Discrimination in Violation of Title III of the ADA and California's Civil Rights Statutes (Civil Code §§ 51, 54, 54.1 & Health & Safety Code § 19955 et. seq.)

4

ordeal.

13. Checking out of the Motel was not any easier. The way down the stairs was far scarier than going up had been; Plaintiff was very afraid of tripping and falling. It took Plaintiff a minute to figure out where the office was again, and she had to again struggle with the door on her way in and out. As a result, Defendants made it impossible for Plaintiff to exercise her independence and she suffered difficulties, discomfort, and embarrassment.

14. As a result of Defendants' continuing discriminatory policies and violations of applicable accessibility standards, Plaintiff is being denied, deterred, and excluded from the full and equal enjoyment of the goods, services, and benefits of the Motel. Due to the continuing disability discrimination, Plaintiff is being deterred from returning and safely using the facilities at the Motel without facing continuing discrimination in the multiple respects set forth in this Complaint.

15. Upon information and belief, Defendants knew that many elements and areas of the Motel were inaccessible, violate state and federal law, and interfere with, or deny access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Motel without much difficult or expense, and make the Motel accessible to the physically disabled. To date, however, Defendants have failed to remove these barriers.

**FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

**(42 U.S.C. § 12101 et seq.)**

**(Against All Defendants and each of them)**

16. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 15 of this Complaint, and incorporates them herein as if separately repled.

17. In 1990 the United States Congress found that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities." During congressional hearings for the ADA, Congress stated that its purpose was "to provide a clear and comprehensive national mandate...to provide clear, strong, consistent, enforceable standards," and to address the "major areas of discrimination faced day-to-day by people with disabilities." [42 U.S.C. § 12101(b)] Plaintiff is a person that Congress sought to protect with enforceable

Complaint for Injunctive Relief & Damages: For Disability Discrimination in Violation of Title III of the ADA and California's Civil Rights Statutes (Civil Code §§ 51, 54, 54.1 & Health & Safety Code § 19955 et. seq.)

5

standards to redress discrimination and require that Defendants' facilities be made "accessible to and usable by persons with disabilities." [42 U.S.C. § 12188(a)(2)]

18. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C. § 12181 *et seq.*). Among "private entities" which are considered "public accommodations" for purposes of this title, include "an inn, hotel, motel, or other place of lodging." [42 U.S.C. § 12182(7)(A)]

19. Title III of the ADA states: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." [42 U.S.C. § 12182]. Included among the specific prohibitions against discrimination are: *§ 12182(b)(1)(B):* "Goods, services, facilities, privileges, advantages and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual";

*§ 12182(b)(2)(A)(ii):* "a failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...";

*§ 12182(b)(2)(A)(iii):* "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...";

*§ 12182(b)(2)(A)(iv):* "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable"; and

*§ 12182(b)(2)(A)(v):* "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under Title III of the ADA and the regulations promulgated under 28 C.F.R. Part 36.

20. On information and belief, Defendants have made alterations and/or renovations to the Motel's facilities since January 26, 1992 with access barriers in violation of 42 U.S.C. § 12183(a)(2), and the Department of Justice regulations enacted to enforce Title III protections. In addition, the removal of each of the barriers complained of by Plaintiff, as hereinabove alleged,

Complaint for Injunctive Relief & Damages: For Disability Discrimination in Violation of Title III of the ADA and California's Civil Rights Statutes (Civil Code §§ 51, 54, 54.1 & Health & Safety Code § 19955 et. seq.)

6

was at all times herein mentioned "readily achievable" under the standards of the ADA. In that regard, Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Code §44 and §190, which apply to the costs of barrier removal. On information and belief, removal of each and every one of the architectural barriers complained of herein was already required under California law due to alterations, additions, and structural repairs to the Motel. As of the date of Plaintiff's visit to the Motel and as of the date of the filing of this complaint, the subject premises continue to deny Plaintiff (and other blind persons) the full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations in violation of Title III of the ADA. [42 U.S.C. § 12182].

**Barriers:**

21. Defendants have failed to remove architectural barriers to provide disabled guests safe, accessible, and usable amenities and services that are offered to sighted guests but not available to Plaintiff and other blind guests.

22. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the Motel. While he could not make detailed measurements, he determined that the Motel was also inaccessible in multiple other ways, including, but not limited to, the following:

- No exterior directional signage
- No exit signs with braille
- Steps to upstairs do not have contrasting visual marking
- Exterior corridor has protruding items
- Parking access aisle is not correctly painted
- Parking access aisle does not have (no Parking) wording stamped on it

23. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by the physically disabled. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

Complaint for Injunctive Relief & Damages: For Disability Discrimination in Violation of Title III of the ADA and California's Civil Rights Statutes (Civil Code §§ 51, 54, 54.1 & Health & Safety Code § 19955 et. seq.)

**Modification of Policies:**

24. On information and belief, Defendants have also failed to reasonably modify their policies and procedures to ensure that they provide their goods, services, benefits, and facilities in a manner that is readily accessible to and usable by disabled guests, including Plaintiff, in a non-discriminatory and safe manner.

**Remedies:**

25. Pursuant to Title III of the ADA [42 U.S.C. § 12188], Plaintiff is entitled to the remedies and procedures set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a) [§ 204(a)], as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title. On information and belief, Defendants continue to violate the law and deny Plaintiff and other disabled persons full and equal access to the Motel. Pursuant to 42 U.S.C. § 12188(a)(2): "In the case of violations of sections 302(b)(2)(A)(iv) [42 U.S.C. § 12182(b)(2)(A)(iv)] and section 303(a) [42 U.S.C. § 12183(a)], injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title...injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title."

26. Plaintiff seeks relief pursuant to remedies set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a) [§ 204(a)] and pursuant to Federal Regulations adopted to implement the ADA, including, but not limited to, an order granting injunctive relief and attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C. § 12205. Plaintiff is a qualified individual with a disability for purposes of the ADA, who is being subjected to discrimination on the basis of disability in violation of Title III, and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to stay at the Motel.

Wherefore, Plaintiff prays for relief as hereinafter stated.

**SECOND CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION**

**(Cal. Health & Safety Code § 19955 et seq.;**

**Cal. Civil Code §§ 51, 54, and 54.1 et seq.)**

27. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the

---

Complaint for Injunctive Relief & Damages: For Disability Discrimination in Violation of Title III of the ADA and California's Civil Rights Statutes (Civil Code §§ 51, 54, 54.1 & Health & Safety Code § 19955 et. seq.)

allegations contained in Paragraphs 1 through 26 of this Complaint, and incorporates them herein as if separately repled.

28. California Health & Safety Code §§ 19955 *et seq.* were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined to – include "a building, structure, facility, complex, or improved area which is used by the general public..." On information and belief, California building standards pursuant to Title 24-2 were in effect at the time the Motel was constructed, and at all times following, renovations, structural repairs or additions to the Motel, requiring Defendants to comply with California accessibility standards implemented for the protection of Plaintiff and other physically disabled persons, since July 1, 1970.

29. Defendants are the owners, operators, lessors, and/or lessees of the Motel. The Motel is a "public accommodation or facility" subject to the requirements of California Health & Safety Code § 19955 *et seq.* and of California Civil Code § 51 and 54 *et seq.* On information and belief, the public facilities complained of herein were added to, renovated and/or structurally repaired since July 1, 1970, subjecting such facilities to disabled access requirements pursuant to California Health & Safety Code § 19955 *et seq.*

30. Plaintiff and other similarly situated blind persons, are unable to use places of lodging and other public accommodations on a "full and equal" basis unless each such facility is in compliance with the provisions of applicable regulations for Title III public accommodations (42 U.S.C. § 12181 *et seq.*), Health & Safety Code § 19955 *et seq.,* and Title 24-2, which are designed to ensure full and equal access for persons with disabilities in public accommodations. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of California Health & Safety Code § 19955 *et seq.* and California Civil Code §§ 51, 54, and 54.1.

31. Plaintiff is informed and believes that each of the named Defendants herein, including Defendants MANOJKUMAR NILKANTH, an individual and PRITI M. NILKANTH, an individual, collectively dba MARINA LODGE MOTEL aka MARINA INN; and DOES 1-10, Inclusive, is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the

Complaint for Injunctive Relief & Damages: For Disability Discrimination in Violation of Title III of the ADA and California's Civil Rights Statutes (Civil Code §§ 51, 54, 54.1 & Health & Safety Code § 19955 et. seq.)

9

course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each other Defendant, as herein described. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of Defendants MANOJKUMAR NILKANTH, an individual and PRITI M. NILKANTH, an individual, collectively dba MARINA LODGE MOTEL aka MARINA INN; and DOES 1-10, Inclusive, are ascertained. References to "Defendants," unless otherwise specified, shall be deemed to refer to all Defendants and each of them.

32. As a result of the denial of equal access to the facilities of the Motel, due to the acts and omissions of Defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff suffered a violation of her civil rights including, but not limited to rights under Civil Code §§ 51, 54, 54.1, and 54.3, and suffered embarrassment, humiliation, statutory damages, and general damages. Defendants' actions and omissions to act constituted discrimination against Plaintiff on the basis that she is blind and is unable, because of the architectural barriers and discriminatory policies established by Defendants in violation of the subject laws, to use the Motel on a "full and equal" basis as other persons. Plaintiff seeks trebling of all actual damages, general and special, as provided by Civil Code §§ 52 and 54.3.

33. The lack of proper access features as pled herein prevents Plaintiff from full and equal use of the premises and thus continues to discriminate against her and deny her "full and equal access" since her visit on or about July 1, 2018, until such time as Defendants remove barriers to access at the Motel, and stop their discriminatory policies. Further, any violation of the ADA (as pled in the First Cause of Action hereinabove, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of Civil Code §§ 51, 54(c), and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including, but not limited to, Civil Code §§ 52, 54.3.

34. Plaintiff has been damaged by Defendants' wrongful conduct and seek the relief that is afforded by Civil Code §§ 52, 54, 54.1, 54.3. Plaintiff seeks actual damages, general and special damages, statutory damages, treble damages, and preliminary and injunctive relief to

Complaint for Injunctive Relief & Damages: For Disability Discrimination in Violation of Title III of the ADA and California's Civil Rights Statutes (Civil Code §§ 51, 54, 54.1 & Health & Safety Code § 19955 et. seq.)

10

enjoin and eliminate the access barriers and Defendants' discriminatory practices, and for reasonable attorneys' fees, litigation expenses and costs.

35. *Request for Injunctive Relief:* The acts and omissions of Defendants as complained of herein are continuing to have the effect of wrongfully excluding Plaintiff and other members of the public who are legally blind from full and equal access to the Motel. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as inferior and a second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities. Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

36. Wherefore Plaintiff asks this court to preliminarily and permanently enjoin any continuing discriminatory policies excluding disabled persons from staying at the Motel, and to grant such access to Plaintiff and to require Defendants to comply with the applicable statutory requirements relating to access for disabled persons in places of public accommodation and modification of policies and procedures. Such injunctive relief is provided by Health & Safety Code § 19953 and California Civil Code §§ 52, 54.3. Plaintiff further requests that the court award general, compensatory, and statutory damages, costs, litigation expenses, and attorneys' fees to Plaintiff pursuant to Health & Safety Code § 19953, Civil Code §§ 52 or 54.3 and Code of Civil Procedure § 1021.5, all as hereinafter prayed for.

37. As a result of Defendants' acts and omissions in this regard, Plaintiff has been required to incur legal expenses and attorneys' fees, as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the laws protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorneys' fees and costs, pursuant to the provisions of Civil Code §§ 52 or 54.3. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to require the Defendants to make the Motel accessible to blind members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5.

Wherefore, Plaintiff prays for damages and injunctive relief hereinafter stated.

Complaint for Injunctive Relief & Damages: For Disability Discrimination in Violation of Title III of the ADA and California's Civil Rights Statutes (Civil Code §§ 51, 54, 54.1 & Health & Safety Code § 19955 et. seq.)

11

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

1.     That this Court issue an injunction:

    a.     Ordering Defendants to alter their facilities to make such facilities readily accessible to and usable by legally blind guests;

    b.     Ordering Defendants to eliminate or modify discriminatory policies as required by law; and

    c.     Prohibiting operation of Defendants' public accommodations and facilities until they provide full and equal access to Plaintiff, and requiring that such access be immediately provided.

2.     That this Court award general, compensatory, and statutory damages pursuant to the Unruh Act or, in the alternative, the Disabled Persons Act, in an amount within the jurisdiction of this court, and that these damages be trebled according to statute;

3.     That this Court award special and consequential damages according to proof;

4.     That this Court award attorneys' fees, litigation expenses and costs of suit, pursuant to Title III of the ADA, 42 U.S.C.A. § 12205; Civ. Code, §§ 52, 54.3;  and Code Civ. Proc., § 1021.5;[1] and

5.     Such other and further relief as the Court may deem just and proper.


Dated: July 31, 2018                          */s/ Irene Karbelashvili*
                                              Irene Karbelashvili, Attorney for
                                              Plaintiff SHELBY GAIL HEIFETZ

---

[1] Plaintiff is <u>not</u> seeking attorney's fees and costs under Civ. Code, § 55 or Health & Safety Code, § 19953.

Complaint for Injunctive Relief & Damages: For Disability Discrimination in Violation of Title III of the ADA and California's Civil Rights Statutes (Civil Code §§ 51, 54, 54.1 & Health & Safety Code § 19955 et. seq.)

12

1

### *DEMAND FOR JURY*

2

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

3

4

Dated: July 31, 2018                                    */s/ Irene Karbelashvili*

5                                                         Irene Karbelashvili, Attorney for
                                                          Plaintiff SHELBY GAIL HEIFETZ
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Injunctive Relief & Damages: For Disability Discrimination in Violation of Title III of the ADA and California's Civil Rights Statutes (Civil Code §§ 51, 54, 54.1 & Health & Safety Code § 19955 et. seq.)

13