UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY GAIL HEIFETZ,<br>Plaintiff,<br>v.<br>MANOJKUMAR NILKANTH, et al.,<br>Defendants. | Case No. 18-cv-04623-TSH<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br>Re: Dkt. No. 28 |

## I. INTRODUCTION

Catherine M. Corfee seeks to withdraw as counsel for Defendants Manojkumar Nilkanth, Priti M. Nilkanth and Marina Lodge Motel. ECF No. 28. Plaintiff Shelby Heifetz filed an opposition (ECF No. 34) and Corfee filed a reply (ECF No. 36). The Court previously vacated the noticed hearing. ECF No. 39. Having considered the record in this case and relevant legal authority, the Court **GRANTS** Corfee's motion for the following reasons.

## II. BACKGROUND

Heifetz, who is legally blind, brought this action under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and related state law claims, alleging Defendants denied her and other similarly situated blind persons access to the full and equal enjoyment of the Marina Lodge Motel, which the Nilkanths own and operate. Compl. ¶ 1, ECF No. 1. Corfee has been Defendants' attorney since the inception of this case. Corfee Decl., ECF No. 28-1 at 1.

On January 30, 2019, Priti Nilkanth filed a declaration indicating that she and her husband "no longer have finances to continue litigation, and have our counsel continue work . . . ." Nilkanth Decl. ¶ 1, ECF No. 17. Since then, Corfee states she has received calls from her clients

asking her to withdraw as counsel of record because they are unable to afford legal representation and they desire to represent themselves. Corfee Decl. ¶¶ 1. As a result, Corfee emailed both her clients and opposing counsel stating that she intended to file a motion to withdraw. Corfee Reply Decl., Ex. A, ECF No. 36-2. She filed the present motion on June 7, 2019.

### III. LEGAL STANDARD

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a). In this District, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rule of Professional Conduct 1.16 provides several enumerated grounds pursuant to which counsel may properly seek to withdraw from a representation.

"Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Atkins v. Bank of Am., N.A.*, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citing *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)). "When addressing a motion to withdraw, the consent of the client is not dispositive." *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *2 (E.D. Cal. Oct.14, 2009)). Instead, the decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

Before withdrawal is permitted, counsel must comply with California Rule of Professional Conduct 1.16(d), which provides that counsel shall not withdraw from employment until the member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving sufficient notice to the client to allow time for employment of other counsel, complying with Rule 1.16(e) (regarding the return of all client materials and property), and

complying with all other applicable laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007). Further, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

## IV. DISCUSSION

The Court finds good cause exists to permit Corfee's withdrawal. Rule 1.16(b) provides that a lawyer may withdraw from representing the client if "the client knowingly* and freely assents to termination of the representation." Cal. R. of Prof'l Conduct, Rule 1.16(b)(6). There is no question that Defendants assent to termination of Corfee's representation as their request to represent themselves was the catalyst for the present motion. Further, Defendants have advised Corfee that they are unable to afford her representation. Failure to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw. *See Garcia v. Zavala*, 2019 WL 2088478, at *3 (N.D. Cal. May 13, 2019) (granting motion to withdraw in part because defendant failed to replenish counsel's retainer and "counsel is essentially working for free"); *Stewart v. Boeing Co.*, 2013 WL 3168269, *2 (C.D. Cal. Jun. 19, 2013) (permitting unpaid attorney to withdraw even though no substitute counsel had been retained and stating "[t]he failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation."); *see also* Cal. R. of Prof'l Conduct 3-700(C)(1)(f) (permitting withdrawal if the client "breaches an agreement or obligation to the member as to expenses or fees").

As to the remaining factors, Corfee has taken reasonable steps to avoid foreseeable prejudice to Defendants in that she provided sufficient notice of her intent to file this motion. The parties are currently in mediation and there are no other pending deadlines. Further, Corfee provided Defendants with a chronology of events in this action and a summary of the legal arguments and issues, and she has also had several phone conversations with Priti Nilkanth discussing the issues. Corfee Decl. ¶ 3. Corfee also informed the mediator of her intent to withdraw and the mediator "stated that she would allow plenty of time for me to withdraw and

could work directly with my clients in mediation." *Id.* Accordingly, the Court finds leave to withdraw is appropriate in these circumstances.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Corfee's motion to withdraw.[1] However, because there is no indication that Defendants will retain new counsel, the motion is granted on the condition that Corfee shall continue to serve all papers from the Court and Heifetz on Defendants for forwarding purposes until they file a notice of their address for service or a substitution of counsel is filed. *See* Civil L.R. 11-5(b). For all such documents, Corfee shall e-file proof of service. No chambers copy is required.

As Defendants are now proceeding pro se, the Court directs their attention to the Handbook for Litigants Without a Lawyer, which is available free of charge in the Clerk's Office or online at http://cand.uscourts.gov/prosehandbk. Defendants may also wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available athttp://cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

Dated: July 31, 2019

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] As part of her motion, Corfee requests the Court issue an order to show cause as to why Heifetz's claims should not be dismissed because Defendants have removed the barriers alleged in the complaint. Mot. at 3-4. However, the Court finds a motion to withdraw is not the proper means for such a request and therefore declines Corfee's invitation.

4